**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SANDRA ARELY PENA FLORES; JOSUE LEONEL MERROQUIN PENA, Petitioners, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 19-73185 Agency Nos. A208-267-639 A208-267-640 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2022[**]
Pasadena, California

Before: RAWLINSON and CHRISTEN, Circuit Judges, and SIMON,[***] District
Judge.

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]       The Honorable Michael H. Simon, United States District Judge for the
District of Oregon, sitting by designation.

Petitioner Sandra Arely Pena Flores (Pena Flores) and her son Josue Leonel Merroquin Pena (Josue), natives and citizens of El Salvador, seek review of the Board of Immigration Appeals' (BIA) final order affirming the Immigration Judge's (IJ) denial of Pena Flores's application for asylum, withholding of removal, and protection pursuant to the Convention Against Torture (CAT). Josue seeks derivative relief through Pena Flores's claims. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review. Because the parties are familiar with the facts, we do not recite them here.

Our review is confined to the BIA's decision except where the BIA adopts the IJ's decision. *See Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020). We review de novo questions of law, and we review the agency's factual findings for substantial evidence. *See Abebe v. Gonzales*, 432 F.3d 1037, 1039–40 (9th Cir. 2005). Although the IJ found Pena Flores not credible, the BIA assumed Pena Flores's credibility and dismissed her claims on other grounds. We too assume her credibility for purposes of our review.

1. Pena Flores sought asylum and withholding of removal based on the proposed particular social group of "Salvadoran mothers refusing to provide control and custody of their children to gangs." As an initial matter, Pena Flores's testimony suggests gang members targeted her at her home based on generalized

criminal motives. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010)). But assuming she could satisfy the nexus requirement, Pena Flores bore the burden to demonstrate a cognizable particular social group by showing that the group is "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014).

Pena Flores contends her proposed group satisfies the particularity requirement because she "is a family member and it is clearly evident through blood ties being the parent of her son, family has definable boundaries that are clear and can be known precisely." "Particularity" requires the group to "be defined by characteristics that provide a clear benchmark for determining who falls within the group." *Id.* at 239; *see also Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1077 (9th Cir. 2020). "The ultimate question is whether a group 'can accurately be described in a manner sufficiently distinct that the group would be recognized, in the society in question, as a discrete class of persons.'" *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1091 (9th Cir. 2013) (en banc) (quoting *Matter of S-E-G-*, 24 I. & N. Dec. 579, 584 (BIA 2008)).

Pena Flores's proposed group is arguably distinct from the type of gang-recruitment groups that our court has rejected in other cases. *See, e.g.*, *Barrios v.*

3

*Holder*, 581 F.3d 849, 854–55 (9th Cir. 2009) (rejecting the proposed group of young men in Guatemala who are targeted for gang membership but refuse to join). However, Pena Flores does not offer any evidence that her alleged persecutors perceive the collection of individuals she identifies as a distinct group, and the defining characteristics of the proposed group are better described as amorphous. *Henriquez-Rivas*, 707 F.3d at 1091 ("[I]t is relevant in considering whether a group's boundaries are so amorphous that, in practice, the persecutor does not consider it a group."). Although we have recognized that "in some circumstances, a family constitutes a social group," *Molina-Estrada v. I.N.S.*, 293 F.3d 1089, 1095 (9th Cir. 2002), the group that Pena Flores proposed is tied only to a familial relationship, not to a specific family targeted by the gang *because of* their family membership, *see, e.g.*, *Parada v. Sessions*, 902 F.3d 901, 910 (9th Cir. 2018) ("FMLN members specifically sought out the 'particular social group' of [petitioner's] family, even shouting the [petitioner's] family name as the guerrillas entered the family's village.").

Substantial evidence supports the BIA's conclusion that Pena Flores's proposed particular social group does not satisfy the particularity requirement, and therefore we need not reach the other elements of her proposed group or her nexus

arguments. We deny the petition for review as to Pena Flores's asylum and withholding of removal claims.

2. Pena Flores also challenges the BIA's dismissal of her CAT claim. To qualify for protection pursuant to CAT, an applicant bears the burden of establishing "it is more likely than not that [she] . . . would be tortured" with the consent or acquiescence of the government if returned to her home country. 8 C.F.R. § 1208.16(c)(2); *see also Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014). Pena Flores submitted country conditions evidence describing widespread gang violence in El Salvador, and suggesting some corruption between gangs and public officials. She also testified that she did not seek help from police in El Salvador because she believes they are working with the gangs and would not do anything to help. But substantial evidence still supports the BIA's conclusion that Pena Flores failed to demonstrate the requisite likelihood that she would be tortured and that Salvadoran officials would consent or acquiesce to that torture. Accordingly, we deny the petition for review as to Pena Flores's CAT claim.

**PETITION FOR REVIEW DENIED.**